IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAY 16 2018

BY
DEPUTY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:16-cr8 |
| | § | Chief Judge Rodney Gilstrap |
| RODNEY DEWAYNE MUCKLEROY | § | |
| a/k/a: "Rodney Dewayne Muckelroy" | § | |

## SECOND SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Introduction

1. Beginning on or about June 1, 2014, and continuing until on or about January 1, 2016, in the Eastern District of Texas and elsewhere, **Cory Carnell Mitchell** a/k/a "Cory Moe" knowingly and willfully conspired with **Rodney Dewayne Muckleroy**, and other co-conspirators known and unknown to the Grand Jury to commit drug-trafficking offenses and criminal offenses in furtherance of their drug-trafficking activities, including the commission or planned commission of robberies, kidnappings, car-jacking and other acts of violence.

2. **Cory Mitchell's** organization (Mitchell's group) targeted individuals known to be, or believed to be, drug traffickers for robberies, kidnappings, car-jackings and other acts of violence, because those individuals were likely to possess large quantities of illegal narcotics, United States Currency, and would not be likely to report any offenses by the **Mitchell's** group to law enforcement officials because of their own unlawful activities.

3. **Mitchell's** group consisted of numerous individuals, including **Rodney Dewayne Muckleroy**, who were often interchangeable with one another, but it was directed, at all times, by **Cory Carnell Mitchell**.

## Count One

> Violation: 18 U.S.C. § 1951
> (Conspiracy to Interfere with
> Commerce by Robbery)

The allegations contained in paragraphs 1 through 3 are re-alleged and fully incorporated herein.

### The Conspiracy

That from on or about June, 2014, the exact date being unknown to the grand jury, and continuing thereafter until on or about July 15, 2014, in the Eastern District of Texas and elsewhere, **Rodney Dewayne Muckleroy, a/k/a: "Rodney Dewayne Muckelroy"** defendant and co-conspirators known and unknown to the grand jury herein did intentionally and knowingly conspire, combine, confederate and agree with each other, to commit robbery which unlawfully obstructed, delayed, and affected commerce in violation of 18 U.S.C. § 1951.

### Purpose, Means and Manner of the Conspiracy

The purpose of the conspiracy was to obtain United States currency and narcotics from known narcotics traffickers in the Eastern District of Texas. The manner and means by which this purpose was to be carried out included the following:

    a.    The robbery of individuals believed to be trafficking and distributing quantities of illegal drugs or their family members;

b.  The time and location the abduction was to take place;

c.  The selection of the victim to be targeted;

d.  The role each co-conspirator would play in the robbery of the victim;

e.  The use of interstate facilities including cellular telephone and motor vehicles;

### Overt Acts

During the conspiracy and to effect the object of the conspiracy, the defendant and co-conspirators, together and aiding and abetting each other, committed the following overt acts:

(1)  **Cory Mitchell** contacted unindicted co-conspirator L.T. about participating in a kidnapping and robbery of a known narcotics trafficker named J.D.

(2)  L.T. invited **Rodney Dewayne Muckleroy** to participate in the planned kidnapping and robbery for payment of U.S. Currency.

(3)  **Muckleroy** travelled in a motor vehicle with Mitchell and L.T. to 1010 Shermell in Lufkin, Texas.

(4)  J.D. arrived at the same location under the belief that he was to provide narcotics to a potential customer.

(5)  Once **Muckleroy** arrived at the location, he exited L.T.'s vehicle with a firearm and attempted to get J.D. to get into L.T.'s vehicle.

(6)  J.D. then attempted to flee and **Muckleroy** hit J.D. with the firearm.

(7)  When **Muckleroy** hit J.D. the firearm discharged and **Muckleroy** ran to L.T.'s vehicle and all three co-conspirators fled the scene.

All in violation of 18 U.S.C. § 1951 and 2.

### Count Two

Violation: 18 U.S.C. § 1951
(Interference with Commerce
By Robbery)

The allegations contained in paragraphs 1 through 3 are re-alleged and fully incorporated herein.

On or about July 14, 2014, in the Eastern District of Texas and elsewhere, **Rodney Muckleroy, a/k/a: "Rodney Dewayne Muckelroy"**, and others known and unknown to the Grand Jury, aiding and abetting each other, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, did unlawfully attempt to obtain personal property consisting of United States Currency and illegal narcotics from the person of J.D., against his will by means of actual and threatened force, violence and fear of injury.

In violation of 18 U.S.C. §§ 1951 and 2.

### Count Three

Violation: 18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance
of a Crime of Violence)

The allegations contained in paragraphs 1 through 3 are re-alleged and fully incorporated herein.

On or about July 14, 2014, in the Eastern District of Texas, and elsewhere, the defendant, **Rodney Dewayne Muckleroy, a/k/a: "Rodney Dewayne Muckelroy"** did knowingly possess and discharge a firearm in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, namely for a violation of 18 U.S.C. § 1951, Interference with Commerce by Robbery.

All in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii).

## Count Four

> Violation: 18 U.S.C. § 1201(a) and (d)
> (Attempted Kidnapping)

The allegations contained in paragraphs 1 through 3 are re-alleged and fully incorporated herein.

On or about July 14, 2014, in the Eastern District of Texas and elsewhere, the defendant, **Rodney Dewayne Muckleroy, a/k/a: "Rodney Dewayne Muckelroy"** and co-conspirators known and unknown to the Grand Jury, aiding and abetting one another, did willfully and unlawfully attempt to seize, confine, kidnap, abduct and carry away the victim, J.D., and hold him for some ransom, reward, purpose, or otherwise, and the defendants did use instrumentalities of interstate and foreign commerce, to wit: (1) motor vehicles, (2) cellular telephones, and (3) firearms, in committing and in furtherance of the commission of this offense.

In violation of 18 U.S.C. §§ 1201(a);(d) and 2.

## Count Five

> Violation: 18 U.S.C. § 922(g)(1)
> (Possession of a Firearm by A

Prohibited Person)

From on or about July 14, 2014 until on or about July 16, 2014, in the Eastern District of Texas, **Rodney Dewayne Muckleroy, a/k/a: "Rodney Dewayne Muckelroy"**, defendant, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: Robbery in the 123the Judicial District Court of Panola County, Texas in Cause Number 2005-C-0153 on June 22, 2005, did knowingly and unlawfully possess in and affecting interstate commerce a firearm.

In violation of 18 U.S.C. § 922(g)(1).

## Count Six

Violation: 18 U.S.C. § 924(o)
(Firearms Conspiracy)

That from on or about June, 2014, the exact date being unknown to the Grand Jury, and continuing thereafter until on or about July 16, 2014, in the Eastern District of Texas and elsewhere, **Rodney Dewayne Muckleroy a/k/a: "Rodney Dewayne Muckelroy"**, defendant, and co-conspirators known and unknown to the grand jury, herein, aiding and abetting each other, did intentionally and knowingly conspire, combine, confederate and agree together, with each other, knowingly possess in furtherance of a crime of violence, namely: to interfere with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), and in furtherance of the conspiracy and to effect the objects of the conspiracy, the defendants committed the following overt acts, among others, in the Eastern District of Texas and elsewhere:

    a. On July 14, 2014, **Rodney Dewayne Muckleroy**, a member of the conspiracy did possess in furtherance of a crime of violence, a firearm.

b. On July 14, 2014, a member of the conspiracy did possess a firearm in furtherance of a crime of violence/

c. On July 14, 2014, **Rodney Dewayne Muckleroy**, possess firearm a Jimenez 9MM;

d. On July 15, 2014, **Rodney Dewayne Muckleroy**, possessed .22 caliber firearm.

All in violation of 18 U.S.C. § 924(O) and 18 U.S.C. § 2(a).

All in violation of 924(o) and 2.

## Count Seven

> Violation: 18 U.S.C. § 922(j) and 924(a)(2)
> Possession of a Stolen Firearm

On or about July 15, 2014, in the Eastern District of Texas, **Rodney Dewayne Muckleroy**, defendant herein, did knowingly and intentionally possess a stolen firearm, that is a 9MM Jimenez, which had been shipped and transported in interstate commerce, knowing and having reasonable cause to believe that the firearm was stolen.

All in violation of 18 U.S.C. 922(j) and 924(a)(2)

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____  _____
PAUL A. HABLE              Date: 5-16-18
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | No. 6:16-cr-00008 |
| | § | Chief Judge Rodney Gilstrap |
| RODNEY DEWAYNE MUCKLEROY | | |
| a/k/a: "Rodney Dewayne Muckelroy" | | |

## NOTICE OF PENALTY

### Counts One and Two

Violation: 18 U.S.C. §§ 1951 and 2

Penalty: Interference with Commerce by Robbery

Imprisonment of not more than 20 years, a fine not to exceed $250,000.00 (or twice any pecuniary gain to the defendant or loss to any victim), or both; and supervised release of not more than three (3) years.

Special Assessment: $100.00

### Count Three

Violation: 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2

Penalty: Possession of a Firearm in Furtherance of a Crime of Violence

Imprisonment of not less than 5 years, unless the firearm is brandished, in which case the minimum is 7 years, or unless the firearm is discharged, in which case the minimum sentence is 10 years, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000.00 (or twice any pecuniary gain to the defendant or loss to any victim), or both; and supervised release of not more than five (5) years.

In the case of a second or subsequent conviction, imprisonment of not less than 25 years which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000 (or twice any pecuniary gain

to the defendant or loss to any victim), or both; and supervised release of not more than five (5) years.

Special Assessment: $100.00

## Count Four

Violation:     18 U.S.C. §§ 1201(a)(1) & (d)

Penalty:     Attempted Kidnapping

Imprisonment of not more than 20 years, a fine not to exceed $250,000.00 (or twice any pecuniary gain to the defendant or loss to any victim), or both; and supervised release of not more than three (3) years.

Special Assessment: $100.00

## Count Five

Violation:     18 U.S.C. §§ 922(g)

Penalty:     Possession of a Firearm by a Prohibited Person

Imprisonment of not more than ten (10) years, a fine not to exceed $250,000 or twice the pecuniary gain to the defendant or loss to the victim, or both imprisonment and a fine; and a term of supervised release of not more than three (3) years. If the Court determines that the defendant is an Armed Career Offender under 18 U.S.C. ' 924(e), imprisonment of not less than 15 years and not more than life, a fine not to exceed $250,000 or twice the pecuniary gain to the defendant or loss to the victim, or both; a term of supervised release of not more than five (5) years.

## Count Six

Violation:     18 U.S.C. § 924(o)

Penalty:     Firearms Conspiracy

Imprisonment of not more than twenty (20) years, a fine not to exceed $250,000, or twice the pecuniary loss to the victim or gain to the defendant, or both imprisonment and a fine, and a term of supervised release of not more than three (3) years.

Special Assessment: $100.00

## Count Seven

Violation: 18 U.S.C. §§ 922(j) and 924(a)(2)

Penalty: Possession of a Stolen Firearm

Imprisonment of not more than ten (10) years, a fine not to exceed $250,000 or twice the pecuniary gain to the defendant or loss to the victim, or both imprisonment and a fine; and a term of supervised release of not more than three (3) years.