# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § |
| | § CASE NUMBER 6:16-CR-00008-JCB-JDL |
| RODNEY DEWAYNE MUCKLEROY (6), | § |
| | § |
| Defendant. | § |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On July 10, 2019, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Rodney Dewayne Muckleroy. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Misprision of a Felony, a Class E felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 8 and a criminal history category of IV, was 10 to 16 months. On November 1, 2018, District Judge Thad Heartfield sentenced Defendant to seven months imprisonment followed by one year of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, testing and treatment for drug and alcohol abuse, and acquisition of a high school equivalency certificate. On November 7, 2018, Defendant completed the term of imprisonment and began his term of supervised release. As the period of time Defendant spent in official detention prior to the date his sentenced commenced exceeded the term of imprisonment imposed under his sentence, Defendant over-served his term of imprisonment for a term of 185 days. Accordingly, pursuant to 18 U.S.C. § 3585(b), Defendant

is entitled to a credit of 185 days toward the service of any term of imprisonment imposed by a revocation sentence in this case.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release when he admitted he used cocaine and methamphetamine on or about February 10, 2019, and cocaine again on or about February 28, 2019.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release when he used cocaine and methamphetamine on or about February 10, 2019, and cocaine again on or about February 28, 2019, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 2 of the government's petition. In exchange, the government agreed to recommend to the Court a sentence of 10 months imprisonment, with no supervised release to follow.

The Court therefore **RECOMMENDS** that Defendant Rodney Dewayne Muckleroy's plea of true be accepted and he be sentenced to 10 months imprisonment, with no supervised release to follow. Pursuant to 18 U.S.C. § 3585(b), a credit of 185 days shall be given toward the

service of his term of imprisonment due to Defendant's prior over-served time in official detention. The Court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 11th day of July, 2019.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE