IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § § | |
| § | **CASE NUMBER 6:16-CR-00008-JCB** |
| **v.** § § § | |
| **RODNEY DEWAYNE MUCKLEROY (6),** § § | |

**REPORT AND RECOMMENDATION OF**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Before the Court is Defendant Rodney Dewayne Muckleroy's motion for re-entry into a halfway house. (Doc. No. 245.) This motion was referred to the undersigned. (Doc. No. 247.) Defendant was originally sentenced to seven months imprisonment after pleading guilty to the offense of Misprision of a Felony. (Doc. No. 221.) On November 7, 2018, Defendant completed his term of imprisonment and began a one year term of supervised release. On July 31, 2019, Defendant's supervised release was revoked for a violation of his conditions when he admitted to using cocaine and methamphetamine on February 10, 2019 and February 28, 2019. (Doc. No. 241.) Defendant was committed to the custody of the United States Bureau of Prisons ("BOP") to be imprisoned for a total term of 10 months, with a credit of 185 days given toward the service of this term of imprisonment due to defendant's prior over-served time in official detention, pursuant to 18 U.S.C. §3585(b). *Id*. at 2. No additional supervised release was ordered upon release from custody. *Id*. at 3.

Defendant is currently serving his revocation sentence in Gregg County Jail. Defendant is set to be released from custody on October 30, 2019. In his motion, Defendant states that he has

1

nowhere to go upon release and therefore requests that he be released to a halfway house so that he can have a better chance at succeeding. (Doc. No. 245.) Defendant raised similar arguments during his revocation hearing on July 10, 2019. (Doc. No. 235.) Ultimately, while these arguments were considered, the revocation judgment did not include re-entry to a halfway house upon release. (Doc. No. 241.) Notably, Defendant's judgment also did not include an additional term of supervised release upon his release from confinement. *Id*. Further, while Plaintiff is in federal custody, he is not serving time at a BOP facility and is currently incarcerated at Gregg County Jail. Given the nature of the offense, the fact that the judgment did not include re-entry to a halfway house after consideration of these arguments, the fact that Defendant is not in a BOP facility, and the fact that Defendant will not be subject to supervised release upon release from custody, the Court **RECOMMENDS** that Defendant's motion (Doc. No. 245) be **DENIED**.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 8th day of October, 2019.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE